[No. 3441.]

FRANK FOSSETT *v.* THE STATE.

GAMING — EVIDENCE.— Appellant was indicted and convicted for the offense of permitting a game of dice to be played in a house under his control, the said house being a public place commonly resorted to for the purpose of gaming. There was no proof that the house in question was a public place, except the evidence which proved the playing there of the single game of dice alleged in the indictment. *Held*, that the evidence is insufficient to sustain the conviction, inasmuch as it fails to show that the house was a public place, as alleged.

APPEAL from the County Court of Bosque. Tried below before the Hon. R. G. Childress, County Judge.

The opinion states the case. A fine of $25 was the punishment assessed against the appellant.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. Defendant was convicted upon an indictment which charged that he permitted a game with dice to be played in a house under his control, the said house being a public place, commonly resorted to for the purpose of gaming.

There is no evidence to show that the place where the playing occurred was public, except that which proved that the one game with dice, which defendant was convicted of permitting, was played there. Two witnesses testified to being present when this game was played; but this was the only game they ever saw played in the house. This evidence is, we think, wholly insufficient to sustain the allegation that the house was one commonly resorted to for the purpose of gaming. It devolved upon the State to prove the allegation as to the publicity of the place, and until this was proved no offense was shown to have been committed. (*Bledsoe* v. *The State*, 21 Texas, 224.)

We will also remark that the evidence to prove that the house where the playing occurred was, at the time, under the control of the defendant, is quite meagre, if not insufficient.

Because in our opinion the conviction is not warranted by the evidence, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered June 3, 1885.]